**UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION**

UNITED STATES OF AMERICA,

    Plaintiff,

v.                                        Case No. 05-CR-80867-DT

DESHAWN WELLS,

    Defendant.
                                                      /

**OPINION AND ORDER DENYING DEFENDANT'S "MOTION TO DISMISS INDICTMENT" AND GRANTING DEFENDANT'S "MOTION FOR PREPARATION OF TRANSCRIPT OF *IN CAMERA* PROCEEDINGS"**

    Pending before the court is Defendant Deshawn Wells's September 14, 2006 "Motion to Dismiss Indictment" and his September 8, 2006 "Motion for Preparation of Transcript of *In Camera* Proceedings." The Government filed responses in opposition to the motions, and Defendant filed a reply in further support of his motion to dismiss. For the reasons stated below, the court will deny Defendant's motion to dismiss but grant his motion for a transcript.

    On September 28, 2005, Defendant was charged by indictment with being a felon in possession of a firearm, in violation of 18 U.S.C. § 922(g). On April 6, 2006, Defendant pleaded guilty, without a Rule 11 plea agreement. A presentence investigation report was prepared, and the Government filed objections to it on June 12, 2006. Specifically, the Government sought a four-level enhancement to the guidelines calculation for Defendant's alleged possession of the firearm in connection with another felony offense. The parties appeared for sentencing on August 15, 2006, at which time

the Government withdrew its objections to the presentence investigation report, based upon newly discovered[1] potential impeachment information relating to one of its police officer witnesses. The court immediately conducted an *in camera* hearing[2] to discuss the nature of this evidence and, thereafter, adjourned the sentencing proceedings.

The Government subsequently obtained a protective order governing the substance of the evidence, and Defendant received the information on or around August 30, 2006. After reviewing the information, Defendant brought the instant motion to dismiss, arguing that the information constituted *Brady*[3] material which the Government was required to provide prior to Defendant's guilty plea. (Def.'s Mot. to Dismiss at 2.) Defendant asserts that the Government's failure to turn over this material renders his guilty plea involuntary and that the Government's alleged misconduct warrants a dismissal of the indictment. The court disagrees.

As the Government argues in its response, this case is controlled by the Supreme Court's decision in *United States v. Ruiz*, 536 U.S. 622 (2002). In *Ruiz*, the

---

[1] The parties disagree with respect to when the Government had actual or, at least, constructive knowledge of the impeachment evidence. Because the court concludes that the Government was not constitutionally required to provide the information to Defendant prior to his guilty plea, this dispute need not be resolved.

[2] Defendant's "Motion for Preparation of Transcript . . ." seeks a transcript of the August 15 *in camera* hearing.

[3] In *Brady v. Marlyand*, 373 U.S. 83, 87 (1963), the Supreme Court held that "suppression by the prosecution of evidence favorable to an accused upon request violates due process where the evidence is material either to guilt or to punishment, irrespective of the good faith or bad faith of the prosecution." "When the 'reliability of a given witness may well be determinative of guilt or innocence,' nondisclosure of evidence affecting credibility falls within this general rule. *Giglio v. United States,* 405 U.S. 150, 154 (1972) (citation omitted).

court considered the issue of "whether the Constitution requires th[e] preguilty plea disclosure of impeachment information." *Id.* at 629. The Court concluded that it did not. *Id.* In so holding, the Court noted that *Brady's* rule is linked to the Constitution's "basic 'fair trial' guarantee," *id.* at 628 (citing U.S. Const. amends. V & VI), and that in pleading guilty a defendant "forgoes not only a fair trial, but also other accompanying constitutional guarantees," *id.* at 628. Thus, the Court found that "the Constitution does not require the Government to disclose material impeachment evidence prior to entering a plea agreement with a criminal defendant." *Id.* at 633.

Defendant tries to distinguish this case from *Ruiz* by arguing that in this case (1) there was no plea agreement and (2) there is specific impeachment evidence at issue which is significant to a Government's witness's credibility. The court is not persuaded that these considerations make *Ruiz* inapplicable. There is nothing in *Ruiz* that links its holding to the fact that there was a plea agreement rather than, as here, a straight guilty plea. Instead, *Ruiz* relies primarily on the fact that "impeachment information is special in relation to *the fairness of a trial*, not in respect to whether the plea is *voluntary*." *Id.* at 629.

Moreover, it is immaterial that there is specific impeachment information in this case. As the *Ruiz* Court held:

> the law ordinarily considers a waiver knowing, intelligent, and sufficiently aware if the defendant fully understands the nature of the right and how it would likely apply in general in the circumstances–*even though the defendant may not know the specific detailed consequences of invoking* it. A defendant, for example, may waive his right to remain silent, his right to a jury trial, or his right to counsel even if the defendant does not know the specific questions the authorities intend to ask, who will likely serve on the jury, or the particular lawyer the State might otherwise provide.

*Id.* at 629-30 (emphasis added).  The Court continued:

> To the contrary, this Court has found that the Constitution, in respect to a defendant's awareness of relevant circumstances, does not require complete knowledge of the relevant circumstances, but permits a court to accept a guilty plea, with its accompanying waiver of various constitutional rights, despite various forms of misapprehension under which a defendant might labor.

*Id.* at 630 (citation omitted).  Accordingly, the court finds that the holding of *Ruiz*, which states that the Constitution does not require pre-plea disclosure of impeachment information, is directly applicable to this case.

The court also rejects Defendant's reliance on a First Circuit case, which rendered the defendant's plea constitutionally infirm where the Government "promised the [defendant] that it would carry out fully its obligation to produce exculpatory evidence but instead manipulated a key witness, deliberately chose not to reveal to the petitioner the stunning evidence concerning [a key witness's] recantation, yet represented falsely to the petitioner that it had kept its promise."  *Ferrara v. United States*, 456 F.3d 278, 297 (1st Cir. 2006).  Aside from the obvious fact that *Ferrara* is not binding on this court, *Ferrara* expressly did not address *Ruiz* in its discussion.  *See id.* at 288 n.6 (specifically declining to analyze the Government's arguments in reliance of *Ruiz*).  Indeed, the First Circuit held that the defendant's plea was not voluntary, "whether or not [he] had a constitutional right to receive  the exculpatory evidence under the rule announced in *Brady v. Maryland*."  *Id.* at 290.  Thus, the *Ferrara* court did not address whether, in 1992, a court "would have been compelled to rule that [the defendant] had a *Brady v. Maryland* right to receive the information before pleading guilty."  *Id.*  Because the *Ferrara* court did not find it necessary to determine how

*Ruiz* impacted its decision, and because this court finds *Ruiz* controls the facts of this case, the court finds Defendant's reliance on *Ferrara* to be misplaced.  Instead, the court finds that, as in *Ruiz*, the Government had no constitutional requirement to produce the impeachment evidence prior to Defendant's voluntary plea.  Accordingly, Defendant's "Motion to Dismiss Indictment" will be denied.

The court will, however, grant Defendant's "Motion for Preparation of Transcript . . .," in which he seeks a transcript of the August 15, 2006 *in camera* hearing.  Although Defendant originally requested the transcript for preparation for sentencing, it is possible that the transcript will also be used on appeal.  Defendant asserts that he is financially unable to obtain the transcript himself and that the transcript is necessary to his defense.  *See* 18 U.S.C. § 3006A(e).  The court is persuaded that, under the circumstances, Defendant is entitled to the relief he seeks.  Thus, the court will order preparation of the relatively short transcript, which will be provided to him forthwith.

IT IS ORDERED that Defendant "Motion to Dismiss Indictment" [Dkt. # 34] is DENIED and his "Motion for Preparation of Transcript of *In Camera* Proceedings" [Dkt. # 31] is GRANTED.

  S/Robert H. Cleland
ROBERT H. CLELAND
UNITED STATES DISTRICT JUDGE

Dated:  November 21, 2006

I hereby certify that a copy of the foregoing document was mailed to counsel of record on this date, November 21, 2006, by electronic and/or ordinary mail.

 S/Lisa Wagner
Case Manager and Deputy Clerk
(313) 234-5522