# UNITED STATES DISTRICT COURT
## Eastern District of Michigan

UNITED STATES OF AMERICA
V.
DESHAWN WELLS
*Defendant*

**ORDER OF DETENTION PENDING TRIAL**
Case Number: 05-80867

In accordance with the Bail Reform Act, 18 U.S.C. § 3142(f), a detention hearing has been held. I conclude that the following facts require the detention of the defendant pending trial in this case.

## Part I—Findings of Fact

- ☐ (1) The defendant is charged with an offense described in 18 U.S.C. § 3142(f)(1) and has been convicted of a ☐ federal offense ☐ state or local offense that would have been a federal offense if a circumstance giving rise to federal jurisdiction had existed - that is
  - ☐ a crime of violence as defined in 18 U.S.C. § 3156(a)(4).
  - ☐ an offense for which the maximum sentence is life imprisonment or death.
  - ☐ an offense for which a maximum term of imprisonment of ten years or more is prescribed in _____*
  - ☐ a felony that was committed after the defendant had been convicted of two or more prior federal offenses described in 18 U.S.C. § 3142(f)(1)(A)-(C), or comparable state or local offenses.
- ☐ (2) The offense described in finding (1) was committed while the defendant was on release pending trial for a federal, state or local offense.
- ☐ (3) A period of not more than five years has elapsed since the ☐ date of conviction ☐ release of the defendant from imprisonment for the offense described in finding (1).
- ☐ (4) Findings Nos. (1), (2) and (3) establish a rebuttable presumption that no condition or combination of conditions will reasonably assure the safety of (an) other person(s) and the community. I further find that the defendant has not rebutted this presumption.

### Alternative Findings (A)

- ☐ (1) There is probable cause to believe that the defendant has committed an offense
  - ☐ for which a maximum term of imprisonment of ten years or more is prescribed in _____.
  - ☐ under 18 U.S.C. § 924(c).
- ☐ (2) The defendant has not rebutted the presumption established by finding 1 that no condition or combination of conditions will reasonably assure the appearance of the defendant as required and the safety of the community.

### Alternative Findings (B)

- ☐ (1) There is a serious risk that the defendant will not appear.
- ☐ (2) There is a serious risk that the defendant will endanger the safety of another person or the community.

## Part II—Written Statement of Reasons for Detention

I find that the credible testimony and information submitted at the hearing establishes by ☐ clear and convincing evidence ☐ a preponderance of the evidence that

Defendant comes before the Court on the Government's petition alleging violations of conditions of supervised release. Specifically, Defendant is alleged to have violated the following conditions of supervision:

1. The Defendant Shall Not Commit Another Federal, State or Local Crime.

(CONTINUE ON PAGE 2)

## Part III—Directions Regarding Detention

The defendant is committed to the custody of the Attorney General or his designated representative for confinement in a corrections facility separate, to the extent practicable, from persons awaiting or serving sentences or being held in custody pending appeal. The defendant shall be afforded a reasonable opportunity for private consultation with defense counsel. On order of a court of the United States or on request of an attorney for the Government, the person in charge of the corrections facility shall deliver the defendant to the United States marshal for the purpose of an appearance in connection with a court proceeding.

| December 7, 2010 | s/ Mona K. Majzoub |
|---|---|
| Date | Signature of Judge |
| | MONA K. MAJZOUB - UNITED STATES MAGISTRATE JUDGE |
| | Name and Title of Judge |

*Insert as applicable: (a) Controlled Substances Act (21 U.S.C. § 801 *et seq.*); (b) Controlled Substances Import and Export Act (21 U.S.C. § 951 *et seq.*); or (c) Section 1 of Act of Sept. 15, 1980 (21 U.S.C. § 955a).

2. The Defendant Shall Refrain from Excessive Use of Alcohol and Shall
>    Not Purchase, Possess, Use, Distribute or Administer any Controlled
>    Substance or any Paraphernalia Related to any Controlled Substances,
>    Except as Prescribed by a Physician.

The facts alleged by Defendant's Probation Officer in the Petition are that on **August 30, 2009** Defendant was stopped by the Jackson County Sheriff's Department for Driving Under the Influence of Alcohol. On **November 5, 2009** Defendant pled guilty to a reduced charge of Operating While Visibly Impaired and was later sentenced to 45 days community service.

On **February 2, 2010** Defendant tested positive for THC and signed a probation Form 4 admitting that he illegally used a controlled substance. The probation department initially requested a summons, but the Defendant agreed to come to the Ann Arbor office on Monday, **March 22, 2010**. Defendant failed to report as directed. Defendant then assured his supervising officer that he would report later in the week. Defendant failed to report as he had agreed. According to the Petition the supervising officer then scheduled a home visit for March 20 (sic) (March 30?), 2010 to serve the summons. Defendant failed to appear at the agreed upon time to meet with his supervising officer at the Jackson residence.

On **April 20, 2010** Defendant was scheduled to appear before Judge Cleland for his violation hearing. Defendant failed to appear. The US Marshal was sent to his home to pick him up on a warrant. Instead of submitting, Defendant jumped from a second story of the house and attempted to flee from the US Marshal.

Then on **July 22, 2010** Defendant was again stopped on a routine traffic stop by Jackson County Police, and identified himself as "Shawn Smith". The officer advised Defendant that he could not locate a "Shawn Smith" and therefore he would be taken to the police department to be properly identified. The Defendant became agitated, would not put his hands behind his back, and reached for the passenger side of the vehicle. The officer, not knowing what he was reaching for, took him to the ground. Defendant continued to struggle and was then sprayed with a chemical agent. Defendant was arrested and charged with Resisting and Obstructing a Police Officer and was placed in Jackson County Prison. Defendant has pled guilty as was sentenced on **November 1, 2010.**

While under supervision Defendant has been in absconder status, has been charged with Driving Under the Influence of Alcohol and pled to a lesser offense, failed to meet with his probation officer on three occasions, failed to appear before the District Judge for his Probation Violation Hearing, jumped out of a second story window and fled from the US Marshal when they attempted to pick him up on a warrant. Defendant's request for a bond is denied. Defendant's use of illegal drugs and his excessive use of alcohol render him unreliable, and are believed to be

at the crux of his noncompliant behaviors. His pattern of behavior while under supervision does not leave this Court with any assurance that he is capable or willing to abide by any conditions of bond that might be set by this Court. Defendant has proven himself to be a risk of flight on multiple occasions, as summarized above. There is no condition or combination of conditions of bond that would assure Defendant's appearance in this Court. Therefore **Detention is Ordered.**